UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20340-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

MASPHAL KRY,

Defendant.

_____/

## PROTECTIVE ORDER

**THIS MATTER** is before the Court on the Government's Motion for Protective Order [ECF No. 51] and Defendant's Response to Government's Motion for Protective Order [ECF No. 59].

**ORDERED AND ADJUDGED** that the Defendant's Proposed Protective Order [ECF No. 59-1] is **GRANTED**.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.   Disclosure Material. The Government will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Business records, including financial records, contracts, and other materials related to the operation and activities of third parties included in the disclosures by the government to the defense, and any such reciprocal disclosure by the defense to the United States, are referred to hereafter as "Disclosure Material."

1

2.    Disclosure Material shall not be disclosed by the Government, defendant KRY or defense counsel, including any successor counsel (the "Defense"), other than as set forth herein, and shall be used by the Defense solely for purposes of defending this criminal action.

3.    The Government and the Defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the Government, the Defense, and those individuals described in paragraphs 4 and 5 below have access and shall not disclose any Disclosure Material to any third party except as set forth below.

4.    Confidential Material may be disclosed by the Government to:

(a)   The defendant;

(b)   Defense counsel;

(c)   Personnel for whose conduct the Government is responsible, *i.e.*, personnel employed by or retained by the Government, as needed for purposes of prosecuting this action or other actions, including, but not limited to, Government agents, third party vendors, expert witnesses, and interpreters;

(d)   Other enforcement agencies, organizations, and entities as necessary to meet the government's civil and criminal enforcement obligations under the laws and regulations of the United States, and international agreements to which the United States is a party.

(e)   Prospective witnesses and their counsel for purposes of prosecuting this action or other actions;

(f)   Any other individuals mutually agreed upon by the Government and the Defense; and

(g)   Such other persons as hereafter may be authorized by the Court.

5.    Confidential Material may be disclosed by the Defense to:

(a)   The defendant;

(b)   Defense counsel;

(c)   Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending

2

this action, including, but not limited to, third party vendors, expert witnesses, and interpreters;

(d) Prospective witnesses and their counsel for purposes of defending this action, provided that, prior to any such disclosure, each shall be informed that the Protective Order prohibits them from disclosing the Confidential Material to any third-parties;

(e) Any individual and their counsel for purposes of facilitating the defendant's investigation of this matter, provided that, prior to any such disclosure, each shall be informed that the Protective Order prohibits them from disclosing the Confidential Material to any third-parties;

(f) Any other individuals mutually agreed upon by the Government and the Defense; and

(g) Such other persons as hereafter may be authorized by the Court.

6. The proposed order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge, magistrate judge, or court personnel for purposes of this action.

7. Except for Disclosure Material that has been made part of the record of this case, the defendant shall return to the Government or defense counsel or securely destroy or delete all Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case or the period of direct appeal from any order dismissing all of the charges in the above-captioned case whichever date is later. Defense counsel (rather than the defendant) shall solely maintain the Disclosure Material for the pendency of any collateral challenge pursuant to 28 U.S.C. §§ 2241 and 2255. If Disclosure Material has been provided to any prospective witnesses by the Defense, counsel shall make reasonable efforts to seek the return or destruction of such materials,

3

8.      The Government and the Defense shall provide a copy of this Order to any persons, as contemplated by paragraphs 4 and 5 of this Order, to whom the Government or the Defense has disclosed Disclosure Material.   The Government and the Defense shall maintain a record of what information has been disclosed to which such person.

9.      This Order places no restriction on defendant's use or disclosure of any material that was previously within the defendant's custody, control, or possession, or material that comes into the defendant's custody, control, or possession through means other than production by the Government to the Defense in this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28 day of February 2023.

_____
**KATHLEEN M. WILLIAMS**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record