UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CR-20340-WILLIAMS

UNITED STATES OF AMERICA

vs.

MASPHAL KRY,

    Defendant.
_____/

## STATEMENT OF MASPHAL KRY REGARDING THE
## PUBLIC AVAILABILITY AND NON-PROTECTION OF TRIAL EXHIBITS

    Masphal Kry, a citizen and official of the Royal Government of Cambodia, by and through undersigned counsel, respectfully submits this Statement regarding the apparent post-trial dispute between Intervenors and the lawyers for the government concerning the exhibits admitted into evidence and published to the jury during the trial of his case.

    On March 22, 2024, following a two-week public trial, the jury returned a verdict of *not guilty* of all remaining counts in the Indictment. Prior to the return of the jury's verdict, all other counts in the Indictment had already been dismissed by order of the Court or on motion of the government. During the trial, numerous exhibits were offered by the parties and admitted into evidence by the Court (the "Trial Exhibits"). Once the Trial Exhibits were admitted into evidence, they became part of the public record. *See* Administrative Office of the U.S. Courts, *Covering Criminal Trials: A Journalist's Guide*; https://www.uscourts.gov/statistics-reports/covering-criminal-trials-journalists-guide#.

    That is the law that applies to Mr. Kry's trial and every federal criminal trial. Mr. Kry was acquitted due to the testimony and documents admitted into evidence, notably including the Trial Exhibits. This Court should not entertain the efforts, of either the government or non-party

Intervenors, to hide that evidence from the eyes of anyone who might want to examine and understand the trial of this case.

In its Motion, the government avers that the pre-discovery protective order in this case, entered by the Court on February 25, 2023 (the "Protective Order"), somehow modifies this universally accepted rule of public trials. Specifically, the government claims in its Motion that, "Read broadly, it is the United States' position that the Protective Order could prevent the release to third parties of all documents, which would include trial exhibits." *See* ECF No. 350. The government's contention is not true. The Protective Order says nothing of the kind. Consistent with the most longstanding doctrine of public trials, testimony and exhibits that were admitted into evidence are matters of public record and readily available to all who may wish to examine them.

Now, the government and the Intervenors in this case contrive to persuade the Court to tinker with this most fundamental rule of public trials and permit them to jointly select and conceal portions of the admitted exhibits from the public record. Mr. Kry would respectfully urge the Court to deny the Motion and simply recognize (a) that the Protective Order, by its own terms, places no post-facto restriction on the status of the admitted Trial Exhibits in this case, and (b) the universal legal standard that the Trial Exhibits, which have been admitted into evidence by the Court in the course of a jury trial, remain matters of public record.

### A. Public Access to Trial Exhibits is an Axiom of Common Law and Universally Recognized by Applicable Case Law

There is a presumptive common law right of access to judicial records, including trial exhibits. *Nixon v. Warner Commun., Inc.*, 435 U.S. 589 (1978) ("There is a right of access to these *courtroom exhibits* derived not from the Constitution: a common law right of access "that predates the Constitution itself.") (*emphasis added*); *see also id*. at n.1 (1978) (Stevens, J., dissenting) (emphasis omitted) (quoting *United States v. Mitchell*, 386 F. Supp. 639, 641 (D.D.C. 1975))

("This privilege of the public to inspect and obtain copies of all court records, including exhibits while in the custody of the Clerk, is of long standing in this jurisdiction and reaches far back into our common law and traditions."). This right of access to judicial records "applies in both criminal and civil proceedings." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

Trial exhibits introduced in court during a criminal trial are presumptively public. *See Kleiman v. Wright*, No. 18-CV-80176, 2022 WL 59676, at *1 (S.D. Fla. Jan. 6, 2022) ("Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are not."); *see also Craig v. Harney*, 331 U.S. 367, 374 (1947) ("What transpires in the courtroom is public property..."). This right of access to trial exhibits promotes the integrity of our judicial system. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)) ("[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process" and "includes the right to inspect and copy public records and documents.").

Trial exhibits introduced in open court during a publicized trial lack justification to be filed under seal. *See Kleiman*, 2022 WL 59676, at *2 ("Importantly, given that the trial exhibits were either discussed at length or introduced in open court during the widely publicized trial in this matter, the Court sees no justification for them to be filed under seal."), *Brogdon v. Ford Motor Co.*, No. 4:23-CV-88 (CDL), 2024 WL 84192, at *2 (M.D. Ga. Jan. 8, 2024) (denying motion to preserve the confidential designations of trial exhibits noting that trial exhibits were "at least partially disclosed in open court."), *Hepp v. Paul Revere Life Ins. Co.*, No. 8:13-cv-2836-T-17TBM, 2015 WL 4072101, at *4 (M.D. Fla. July 2, 2015) (finding no good cause to seal exhibits

that had been introduced in open court where exhibits had been "disseminated to lawyers and litigants across the country" and post-trial request to seal the exhibits remained pending), *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) ("[I]f information is or already has been out in the public domain, sealing is unwarranted."); *see also United States v. Posner*, 594 F. Supp. 930, 935 n.3 (S.D. Fla. 1984) (explaining that tax returns admitted during trial were subject to public access because "any entitlement of privacy [defendant] may have had was relinquished when the returns were actually placed in evidence").

If no effort is made to prevent dissemination of confidential information at trial, the right to claim that trial materials containing that information should be sealed is waived. *See Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 760–61 (E.D. Va. 2018).

### B. The Pre-Trial Protective Order Imposes No Restriction on the Trial Exhibits as Matters of Public Record

Mr. Kry respectfully urges the Court to maintain the public's right of access to the Trial Exhibits in this case. The Trial Exhibits were offered and formally introduced as evidence during Mr. Kry's trial proceedings. They were presented and extensively addressed in witness testimony and arguments of counsel at trial, became part of the official trial record, and were subjected to scrutiny by the Court, witnesses, the jury, and opposing counsel. The fact that they were admitted underscores their integral role in the judicial process of this case.

Further, the Protective Order, entered on February 25, 2023, *see* ECF No. 66, and the Supplemental Protective Order, entered on July 20, 2023, *see* ECF No. 155, say nothing that can reasonably be interpreted as restricting public access to the Trial Exhibits. Rather, the Protective Order identifies categories of materials intended to be protected from public disclosure, classified as "Disclosure Material." Disclosure Material includes "[b]usiness records, including financial records, contracts, and other materials related to the operation and activities of third parties"

disclosed by the government to the defense pursuant to Federal Rule of Criminal Procedure 16 and 18 U.S.C. § 3500.  *See* ECF No. 66 at 1.

But the Protective Order explicitly excludes from its scope exhibits that are introduced and admitted into evidence at trial.  Paragraph 6 of the Protective Order states that it "does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action."  *Id*. at 3.  Further, Paragraph 7 of the order exempts "Disclosure Material that has been made part of the record of this case" from the requirement to "destroy or delete materials" following the case's conclusion.  *Id*.  Once the Trial Exhibits were admitted into evidence by the Court without objection – or over the objection of either the government or Mr. Kry – they became part of the public judicial record for this case and are outside the scope of the Protective Order.

Mr. Kry was acquitted due to the testimony and documents admitted into evidence, notably including the Trial Exhibits.  This Court should not entertain the post-trial efforts, of either the government or non-party Intervenors, to hide that exculpatory evidence from the eyes of anyone who might want to examine and understand the trial of this case.  Accordingly, Mr. Kry respectfully asks the Court to deny the government's Motion and acknowledge (a) that the Protective Order, by its own terms, places no post-facto restriction on the status of the Trial Exhibits, and (b) the universal legal standard that exhibits admitted into evidence by the Court in at the trial of Mr. Kry's case are matters of public record.

Dated: September 6, 2024

Respectfully submitted,

By:  **Stacey H. Mitchell**
Stacey H. Mitchell (*Pro Hac Vice*)
Allison T. Coffin (*Pro Hac Vice*)
Dakota L. Kann (*Pro Hac Vice*)
Jane M. Mahan (*Pro Hac Vice*)
Nicole L. Franklin (*Pro Hac Vice*)

*Counsel for Masphal Kry*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:  shmitchell@akingump.com
            acoffin@akingump.com
            dkann@akingump.com
            jmahan@akingump.com

**Mark J. MacDougall**
Mark J. MacDougall (*Pro Hac Vice*)
Paola Pinto (Fla. Bar No. 1013933)
*Counsel for Masphal Kry*
Schertler Onorato Mead & Sears
555 13th Street, N.W., Suite 500 West
Washington, DC 20004
Telephone: (202) 628-4199
E-mail:  mmacdougall@schertlerlaw.com
            ppinto@schertlerlaw.com

**John R. Byrne**
John R. Byrne (Fla. Bar No. 0126294)
*Counsel for Masphal Kry*
Maderal Byrne & Furst PLLC
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 520-5690
E-mail:  john@maderalbyrne.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via email on September 6, 2024 upon AUSA Thomas Watts-FitzGerald, thomas-watts-fitzgerald@usdoj.gov, AUSA Emily Stone, emily.stone@doj.gov, Guy A. Lewis, glewis@lewistein.com, Jeffrey M. Forman, jforman@lewistein.com, and Paul E. Pelletier, pepelletier3@gmail.com.

Dated: September 6, 2024                         Respectfully submitted,

**John R. Byrne**
John R. Byrne (Fla. Bar No. 0126294)
*Counsel for Masphal Kry*
Maderal Byrne & Furst PLLC
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 520-5690
E-mail:  john@maderalbyrne.com